IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE:

SCOTT THOMSEN

    **Plaintiff**

**VERSUS**                                        **CASE NO._____**
                                                               **JURY DEMANDED**

**SULLIVAN COUNTY, TENNESSEE;
CITY OF BRISTOL, TENNESSESEE;
OFFICER JAMES OWENS and
OFFICER KRISTOFF NEWSOME**

    **Defendants**

## COMPLAINT

1. This case arises under **42 U.S.C. §§1983 and 1988**, and the **Fourth Amendment to the United States Constitution**.

2. Plaintiff is a citizen and resident of Sullivan County, Tennessee.

3. Defendant, Sullivan County, Tennessee, (hereinafter "Sullivan County") is a county, a political subdivision of the State of Tennessee, organized pursuant to the constitution and statutes of the State of Tennessee.

4. Defendant, City of Bristol (hereinafter "Bristol"), Tennessee, is a municipal corporation organized pursuant to the statutes of the State of Tennessee.

5. Defendant, Officer James Owens, (hereinafter "Owens") is, upon information and belief, a citizen and resident of Sullivan County. At all material times herein, he was employed by his co-defendant, Bristol, as a police officer.

1

6. Defendant, Kristoff Newsome, (hereinafter "Newsome") is, upon information and belief, a citizen and resident of Sullivan County. At all material times herein, he was employed by his co-defendant, Sullivan County, as a police officer, specifically in its corrections department.

7. Plaintiff avers that on January 29, 2021, at approximately 8:20 p.m., he went to the YMCA in Bristol, Tennessee in order to swim. At that time, he parked in an area adjacent to a handicap parking spot.

8. Defendant, Owens, observed plaintiff's vehicle as Owens was parked on the edge of the Bristol YMCA parking lot for over an hour, the length of time plaintiff was swimming at the Y.

9. When plaintiff left the Bristol YMCA building and reached his car to enter into it, Owens sped from the other side of the parking lot to a position behind plaintiff and his vehicle, alighted from his vehicle, and confronted plaintiff about his parking in a space adjacent to a handicap space.

10. Defendant, Owens, never considered giving plaintiff a citation as is required in lieu of arrest pursuant to **TCA § 40-7-118 (b) (1)**. Instead, defendant, Owens, commanded plaintiff to appear in Bristol Municipal Court on a particular date certain.

11. Plaintiff did not refuse to appear in Court; however, plaintiff did ask defendant, Owens, very politely, whether he could appear on another date that would be more in keeping with his schedule, as he was going to be out of the country on the date Owens orally commanded him to appear in Bristol Municipal Court.

12. Rather than choosing another date or issuing plaintiff a citation, much less handing plaintiff a citation, which would put the onus on plaintiff to reschedule an

2

alternate court date, defendant, Owens, with no reasonable suspicion that plaintiff was not going to appear on that date and with no probable cause, arrested and detained plaintiff.

13. During the search incident to the unlawful arrest on the grounds of the YMCA, defendant, Owens, searched, upon information and belief, not only plaintiff's person but also his wallet. No contraband was found in this search. In fact, all of the foregoing events, from plaintiff's arrival at 8:20 p.m. on January 29, 2021 to the point at which he was placed in Officer Owens' cruiser for transport to the Sullivan County Detention Center in Blountville less than 10 miles away were recorded by not only the defendant, Owens', body camera, but also by surveillance video at the Bristol YMCA.

14. Upon arrival at the Sullivan County Detention Center, defendant, Newsome, conducted a second search of both plaintiff's person and his wallet. Again, no contraband was found on plaintiff during the search of his person, and at no time, either during Owens' search, nor during Newsome's search, did plaintiff possess any illegal drug contraband.

Yet, amazingly, in a search conducted by defendant, Newsome, Newsome found a pill in plaintiff's wallet. This despite the fact that Owens' search revealed nothing of the sort, and also despite the fact that the second search at the Sullivan County Detention Center was unnecessary and unreasonable, as no contraband had been found by Owens in his search, and, supposedly, Owens had no contraband in the cruiser in which plaintiff was transported. Plaintiff emphatically denies that he had illegal drugs on his person or in his wallet at any time on the date aforesaid.

15. As a result of the incident described above, an arrest warrant was issued for plaintiff, a copy of which, including the affidavit of complaint, is attached hereto and incorporated herewith as **Exhibit A** to this Complaint. The affidavit of complaint made by Owens falsely stated that plaintiff was obstreperous when, in fact, Owens' own body camera shows that plaintiff was courteous to Owens.

16. On May 18, 2021, all charges against plaintiff were dismissed upon payment of costs. A copy of the expungement order showing this dismissal and expungement of charges, which was signed by the Honorable J. Klyne Lauderback, Bristol Tennessee General Sessions Court Judge, and which was entered on May 19, 2021 is attached hereto and incorporated herewith as **Exhibit B** to this Complaint.

17. Plaintiff, both prior to and subsequent to the court date at which the charges were expunged, attempted to obtain his booking video from the Sullivan County Detention Center. To this date, plaintiff has been unable to obtain same, even though some, if not all, of these requests were Freedom of Information Act requests.

18. Plaintiff incorporates Paragraphs 1 through 17, inclusive, of the premises to this Complaint. He avers that, unlike the plaintiff in the lodestar case of **Atwater vs City of Loca Vista,** 532 U.S. 318, 121 S.Ct. 1536, 149 L. Ed 2d 549 (2001) (a) the law for which plaintiff was arrested requires a police officer to cite a misdemeanant such as your plaintiff herein – and gives the officer **no discretion** to arrest someone; (b) plaintiff, as indicated by defendant, Owens', own video camera, never refused a citation and was not obstreperous, and (c) all charges lodged against plaintiff were dismissed and expunged. As a result, plaintiff specifically avers that his **Fourth**

**Amendment** rights were violated as a direct and proximate result of the arrest aforesaid and, further, that he has remedies for such arrest as granted by **42 USC §§1983 and 1988**.

Plaintiff, further, avers that, unlike the plaintiff in **Virginia v Moore, 553 U. S. 164, 128 S.Ct. 1598, 170 L.Ed. 2nd 559 (2008)** there was absolutely not even reasonable suspicion, much less probable cause, to arrest your plaintiff herein. As such, plaintiff avers that the **Virginia v Moore** doctrine, which holds that the **Fourth Amendment** is not written with the intent to incorporate individual state arrest statutes, is inapplicable herein, due to the absolute lack of probable cause to arrest plaintiff herein.

19. Plaintiff incorporates Paragraphs 1 through 18 inclusive, of the premises to this Complaint. He, again, avers that the individual defendants were, at all material times herein, employed by the respective municipal defendants as set forth above, being employed by the respective municipalities' law enforcement agencies as described above.

20. Plaintiff incorporates Paragraphs 1 through 19, inclusive, of the premises to this Complaint. He avers that these individual defendants, as employees of their respective entities, received such inferior training, and/or were guided by either no policies or inferior, constitutionally-suspect policies promulgated by their employers, regarding the determination of probable cause for and reasonable suspicion for arrest of persons in the same or similar circumstances as plaintiff.

As a direct and proximate result of the individual defendants having received such inferior training and/or being guided by no policies or inferior, constitutionally-suspect policies regarding determination of probable cause to arrest,

plaintiff sustained a deprivation of his civil rights, allowing him damages under **42 USC §§1983 and 1988**.

21. Plaintiff incorporates Paragraphs 1 through 20, inclusive, of the premises to this Complaint. He avers that the individual defendants were, while employed by their co-defendants, either Bristol or Sullivan County, and at all material times germane to this Complaint, acting in their capacities as police officers. Thus, both individual defendants, jointly and severally, at all material times herein, were acting under color of state law.

22. Plaintiff incorporates Paragraphs 1 through 21 inclusive, of the premises to this Complaint. He avers that the individual defendants, at all material times herein, and particularly in his unlawful arrest, were not, contrary to what is usual, cloaked with qualified immunity. Plaintiff, further, avers that his **Fourth Amendment** rights to be free from an illegal arrest, search, seizure and detention are clearly established, sufficiently clear, and that, in the situation *sub judice,* the individual defendants, jointly and severally, who, again, were, then and there, acting as employees of their co-defendants, Sullivan County and Bristol and under color of state law, absolutely knew, as reasonable police officers, that what they were doing in illegally arresting and searching plaintiff without probable cause violated plaintiff's **Fourth Amendment** right to be free from unwanted searches, detentions and seizures.

23. Plaintiff incorporates Paragraphs 1 through 22, inclusive, of the premises to this Complaint. He avers that the basis for arresting him for parking in a parking spot adjacent to a handicap parking spot was wholly subjective and not objective. As is positively shown by the surveillance video tape at the Bristol YMCA and by

defendant, Owens', own body camera, there was no objective evidence to justify probable cause for an arrest and seizure, particularly since citation was mandatory, and not optional, under the statute. In fact, respectfully, the video shows that, at the very least, the affidavit of defendant Owens in support of the arrest warrant was mistaken, in that he alleges that plaintiff was "very argumentative," when, in fact, he was anything but. In addition, to justify this behavior, the video tape also shows defendant, Owens, speaking to an unidentified individual after he had handcuffed plaintiff in the parking lot of the Bristol YMCA. In this conversation, he at least mistakenly, if not falsely, states that plaintiff had been very argumentative with him, in order to justify his own (Owens') aberrant behavior.

Because the arrest, detention and seizure were performed under the color of state law, and violated a clearly established **Fourth Amendment** principal of which a reasonable person was expected to have knowledge, and especially a reasonable police officer, plaintiff avers that the defendant, Owens, lacks qualified immunity hereunder.

Similarly, there was no just cause for defendant, Newsome, to search plaintiff's wallet. Assuming, *arguendo*, that there was contraband inside the wallet, first, Officer Owens' own search revealed no such contraband, and, second, there was no justifiable exception to the warrant requirement to perform yet a second search of the wallet. This seizure, also, being performed under the color of state law, violated a clearly established Fourth Amendment principle of which a reasonable person was expected to have knowledge, and especially a reasonable police officer such as defendant, Newsome. Therefore, plaintiff avers that defendant, Newsome, also may not shield himself with the

cloak of qualified immunity for his actions *vis a vis* the illegal arrest, detention and seizure of plaintiff.

Moreover, even assuming that the initial detention of plaintiff on the parking violation was legal; nevertheless, the detention must be reasonable under the **4th Amendment** to the United States Constituion. The detention was elongated to become unreasonable in nature based upon a manufactured drug charge, as described above.

24. Plaintiff incorporates Paragraph 1 through 23 inclusive, of the premises to this Complaint. He avers that, in the 6th Circuit, the question as to whether there were probable cause to effect an arrest is wholly for the fact finder unless there is only one reasonable determination possible. See **Pyles v Raisor, 60 F.3d, 1211, 1215 (6th Cir. 1995)**. Plaintiff, further, avers that reasonable triers of fact could certainly differ as to whether the defendants, jointly and severally, had probable cause to arrest him.

25. Plaintiff incorporates Paragraphs 1 through 24, inclusive, of the premises to this Complaint. He restates that the constitutional violations – particularly the **Fourth Amendment** violation of his freedom from unwanted searches, seizures and arrest – committed by the defendants, jointly and severally, as described above while (a) each defendant, jointly and severally, was acting under color of state law, (b) no defendants, jointly and severally, were cloaked with qualified immunity, (c) there was neither reasonable suspicion, much less probable cause, to arrest plaintiff for a parking violation and (d) all defendants were either (1) operating under non-existing policies and procedures regarding such an arrest or (2) if such procedures were in effect, the same were inadequate to protect the constitutional rights of persons such as plaintiff, directly and proximately caused damages to plaintiff and grants him the right under **42 USC**

§1983 and its companion statutes to seek damages for the violation of his civil rights as set forth above.

    26. Plaintiff avers that, as a direct and proximate cause of the violations of his civil rights as set forth above, he has sustained damages, including, but not limited to, damage to his reputation in the community, damages for humiliation and damages for embarrassment and emotional distress, special damages in the form of payment of attorney's fees for representation in a criminal case, as well as appearance bonds and court costs directly and proximately resulting from the wrongful arrest and detention jointly and severally, and other general damages, plus attorney's fees as allowed under **42 USC § 1988**.

    WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the sum of One Million ($1,000,000.00) Dollars for compensatory damages under **42 USC § 1983,** for attorney's fees and any expert witness costs, under **42 USC § 1988**, and for reimbursement of any court costs advanced in this case.

    Plaintiff demands a jury to try this case.

SCOTT THOMSEN

By: _____
Francis X. Santore, Jr. BPR#011315
Of Counsel

By: _____
Edward L. Kershaw, BPR#016775
Of Counsel

SANTORE AND SANTORE
Attorneys at Law
P. O. Box 113
Greeneville, TN 37744-0113
423-639-3511
franksantore@comcast.net

EK LAW, PC
Attorneys at Law
131 S. Main Street
Greeneville, TN 37743
423-620-0219
admin@eklaw.net

Attorneys for Plaintiff

# EXHIBIT A: THOMSEN V. SULLIVAN COUNTY, ET AL
# ARREST WARRANT AND AFFIDAVIT OF COMPLAINT

# GENERAL SESSIONS COURT OF SULLIVAN COUNTY TENNESSEE

State of Tennessee vs. __Scott M Thomsen__

State Control # _____     Sullivan County Case # _____

## ARREST WARRANT

**TO ANY LAWFUL OFFICER OF THE STATE**

( X ) Based on the affidavit of complaint files in this case, there is probable cause to believe that the offense(s) of violation(s) of TCA __Simple Possession/Casual Exchange (T.C.A. 39-17-418). To Wit: Schedule II, Unauthorized Use of disabled parking (T.C.A. 55-21-108)__ have been committed by the Defendant.

( ) Defendant has failed to appear in court or to report to jail when required to do so

( ) _____

You are therefore commanded in the name of the State of Tennessee to immediately ARREST the defendant named above and bring the defendant to this court to answer the charges.

Bail is set at $ __OR__

Date: __1-30-21__

_____
Judge/Clerk/Judicial Commissioner

## INFORMATION ABOUT THE DEFENDANT

Name: __Scott M Thomsen__

Address: __171 Sugar Hollow Trl, Piney Flats, TN 37686-3205__

DOB: __07/08/1952__    Sex: __Male__    Race: __White__    Ht: __5'11"__    Wt: __200__    Hair: __Brown__    Eyes: __Brown__

Phone #: __000.000.0000__              DL #: __038800949, TN__

Place of Employment: __TN__

May be found at: _____

Other: _____

## OFFICER'S RETURN

(X) Warrant served by arresting defendant today or on __29th day of January, 2021__

( ) Warrant not served because defendant cannot be found or _____

Officer's Signature: _(signed)_

Officer's Name (printed): __James Owens__          Date: __01/30/2021__

Agency's Name (printed): __Bristol Police Department__

# GENERAL SESSIONS COURT OF SULLIVAN COUNTY TENNESSEE

State of Tennessee vs. Scott M Thomsen
State Control # _____
Attorney for Def. _____
Court Date _____ am/pm
State, Deft. to _____ at _____ am/pm
State, Deft. to _____ at _____ am/pm
State, Deft. to _____ at _____ am/pm
State, Deft. to _____ at _____ am/pm
State, Deft. to _____ at _____ am/pm

Sullivan County Case # _____
Address 171 Sugar Hollow Trl, Piney Flats, TN 376863205
Phone 000.000.0000    DL# 038800949, TN
DOB 07/08/1952    SS# 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
Sex M  Race W  Wt 200  Ht 5'11"  Hair Brown  Eyes Brown
Work TN

## AFFIDAVIT OF COMPLAINT

I, the affiant named below, after being sworn, state under oath that on or about January 29th, 2021 8:19PM, in Sullivan County Tennessee, Scott M Thomsen committed the offense(s) of violation(s) of TCA Simple Possession/Casual Exchange (T.C.A. 39-17-418). To Wit: Schedule II , Unauthorized use of disabled parking (T.C.A. 55-21-108)

I further state under oath that the essential facts constituting the offense(s), the sources of my information and the reasons why this information is believeable and reliable are as follows:

OCA # C20210006971

On 01/29/2021 at approximately 20:19 hours I, Officer James Owens (541) observed a dark colored Honda parked in the wheel chair access area of a handicapped parking space at 400 Martin Luther King Blvd (YMCA). The owner of the vehicle Scott Thomsen exited the facility and was entering the car. I exited my vehicle and spoke with him. When asked why he parked illegally he stated "cause I like to park close". As I was explaining to him he was parked illegally and was a in violation of State Law he became very argumentive. When I asked him if he was released on a State Misdemeanor Citation if he would appear in court on April 5 he stated "No". I placed Thomsen under arrest since he stated he would not appear in court and transported him to the Sullivan County Jail without incident. At the jail Sullivan County Corrections Officer Kristoff Newsome during a search of Thomsen's property he found inside his wallet 1 orange pill marked 36 05 and a V on the opposite (identified as Acetaminophen and Hydrocodone Bitartrate 325 mg / 7.5 mg a schedule II narcotic). Thomsen stated no children were endangered by this arrest. This incident occurred in the corporate limits of Bristol Tennessee.

Affiant's Signature: _(signed)_
Name (Printed): James Owens
Address (Printed): 801 Anderson St., Bristol, TN 37620
Phone Number: 423-989-5600

Sworn to and subscribed before me on
1-30-21
_(signed)_
Judge/Clerk/Judicial Commissioner

## PROBABLE CAUSE DETERMINATION

Based on the affidavit of complaint, I find there is probable cause to believe that on the date set forth above in Sullivan County, Tennessee the defendant committed the offense(s) of violation(s) of TCA 39-17-418 Simple Poss ; 55-21-108 Disabled Parking

(✓) defendant given citation or arrested without warrant    (X) arrest warrant shall issue    ( ) criminal summons shall issue

1-30-21
Date

_(signed)_
Judge/Clerk/Judicial Commissioner

Page 1

# EXHIBIT B: THOMSEN V. SULLIVAN COUNTY, ET AL
# EXPUNGEMENT ORDER

(FOR TBI USE ONLY) State Identification Number: _____
(FOR TBI USE ONLY) FBI Identification Number: _____

## ORDER FOR THE EXPUNGEMENT OF CRIMINAL OFFENDER RECORD (PLEASE PRINT OR TYPE)

State of Tennessee vs **Scott Minnock Thomsen** Circuit Docket Number _____
Date Original Case was filed in Clerk's Office _____ General Sessions Docket Number **BR52122**
In the GENERAL SESSIONS Court of SULLIVAN County, Tennessee at BRISTOL
On the Motion or Petition of **the Defendant**

### Defendant/Arrest Information:

**Scott Minnock Thomsen** — Race: **W** — Sex: **M** — Date of Birth: **7-8-1952**
*Defendant (name used at time of arrest)*

**Bristol Tennessee Police Department** — OCA#: **C20210006 97** — Date of Arrest: **1-29-2021**
*Arresting Agency*

**Simple Possession** — SSN#: **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**
*Charge 1 (As shown on arrest fingerprint card)*

**Unauthorized use of disabled parking**
*Charge 2 (As shown on arrest fingerprint card)*

FILED 5/19/21 10:33 am
Bobby L. Russell
CIRCUIT COURT CLERK
SULLIVAN COUNTY, TN.

*Charge 3 (As shown on arrest fingerprint card)*

### Disposition Information:

**Simple Possession - Dismissed on Cost**
*Final Charge 1*

**Unauthorized use of disabled parking - Dismissed on Cost**
*Final Charge 2*

*Final Charge 3*

**Charges 1 and 2 - Dismissed on Cost / Cost Paid / Case expunged**
*Final Disposition*

**5-18-2021**
*Diversion Date (if applicable)*

The defendant named above is entitled to have all PUBLIC RECORDS relating to the offenses listed above expunged according to the Tennessee Code Annotated provision marked below:

**Provision relating to Adults:**
- **X** Charge has been dismissed (T.C.A. § 40-32-101)
- ___ No true bill returned by Grand Jury (T.C.A. § 40-32-101)
- ___ Verdict of not guilty returned by jury (T.C.A. § 40-32-101)
- ___ Conviction which has by appeal been reversed (T.C.A. § 40-32-101)
- ___ Nolle Prosequi entered in case (T.C.A. § 40-32-101)
- ___ Successful completion of all probation provisions and proceedings against defendant have been discharged by the court (T.C.A. § 40-35-313)
- ___ Suspension of prosecution pursuant to T.C.A. § 40-15-105

**Provisions relating to Juveniles:**
- ___ Petition alleging delinquency not filed (T.C.A. § 37-1-155)
- ___ Proceedings dismissed after petition is filed or the case transferred to Juvenile Court as provided in T.C.A. § 37-1-109 (T.C.A. § 37-1-155)
- ___ Adjudicated not to be a delinquent child (T.C.A. § 37-1-155)
- ___ Child has reached eighteen (18) years of age and there is no record that he committed a criminal offense after reaching sixteen (16) years of age, unless such fingerprints were obtained on alleged charge which if committed by an adult would be a felony (T.C.A. § 37-1-155)
- ___ Passage of six (6) months from date of liquor law violations defined by T.C.A. § 57-3-412(a)(3)(c) or T.C.A. § 57-5-301(e)(3)

It is ordered that all PUBLIC RECORDS relating to such offense above referenced be expunged and immediately destroyed upon payment of all costs to clerk and that no evidence of such records pertaining to such offense be retained by any municipal, county, or state agency, except non-public confidential information retained in accordance with T.C.A. § 10-7-504 and T.C.A. § 38-6-118.

**APPROVED FOR ENTRY**

I HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THIS CAUSE
5/19/21 2:30 pm
Bobby L. Russell
CIRCUIT COURT CLERK

Entered this **5/18** day of **21**

*Defendant/Attorney for Defendant*

*District Attorney General*

*Judge*

Form EX-1 (Rev. 2003)