# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| SCOTT THOMSEN, ) | |
| ) | Case No. 2:22-cv-5 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| SULLIVAN COUNTY, TENNESSEE, ) | Magistrate Judge Wyrick |
| CITY OF BRISTOL, TENNESSEE, ) | |
| JAMES OWENS & ) | |
| KRISTOFF NEWSOME, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment [Doc. 11] filed by Defendant James Owens ("Owens") and Motion for Summary Judgment [Doc. 51] filed by Defendants Kristoff Newsome ("Newsome") and Sullivan County, Tennessee ("Sullivan County"). Plaintiff Scott Thomsen ("Plaintiff") brings claims, under 42 U.S.C. § 1983, for wrongful detention, false arrest, unreasonable search and seizure, and fabrication of evidence in violation of his Fourth Amendment rights, as well as *Monell* claims against Sullivan County and the City of Bristol. Because Plaintiff has not shown that any Defendant deprived him of his right to be free from detention without reasonable suspicion, arrest without probable cause, or unreasonable search and seizure, Defendants Owens and Newsome are entitled to qualified immunity as to those claims, which will be dismissed with prejudice. However, Defendants acknowledge that they are not entitled to qualified immunity as to Plaintiff's fabrication of evidence claim. Because the Court has thus far permitted only limited discovery on the issue of qualified immunity, the Court will deny summary judgment as premature with respect to Plaintiff's fabrication of evidence claim and accompanying *Monell* claims. Defendants may refile for summary judgment at the close of discovery. For reasons

that follow, the Motions for Summary Judgment [Doc. 11 & 51] filed by Defendants Owens, Newsome, and Sullivan County will be granted in part and denied in part.

I. FACTUAL BACKGROUND

This action arises out of an encounter on January 29, 2021, between Plaintiff Scott Thomsen and Officer James Owens of the Bristol City Police Department. There is bodycam and dashcam footage that covers this interaction.

The basic circumstances are not disputed. On January 29, 2021, Officer Owens observed a motor vehicle parked at the Bristol YMCA. The vehicle was parked in a lined off area between two handicapped parking spots designated with the wheelchair disabled sign. [Bodycam Footage at 01:14]. Owens did not observe, nor does Plaintiff contend, that the vehicle had a disabled driver/passenger decal, license plate, or placard. When Owens witnessed the Plaintiff returning to his vehicle from the YMCA, he approached Plaintiff and informed him that he was illegally encroaching on a designated handicap parking spot. [Bodycam Footage 00:45]. Specifically, Owens told Plaintiff that his vehicle was located within the wheelchair loading zone of a handicap-designated parking spot, which was lined off and designated for that purpose. [*Id.*]

Owens informed Plaintiff that his parking placement was a state violation [*Id.* at 01:55]. He then asked Plaintiff, "If I release you on a state misdemeanor state citation, will you promise to appear in court on April the second . . . or April fifth?" [*Id.* at 01:59]. Plaintiff responded: "No, I won't. I'll be out of the country." [*Id.* at 02:05]. Owens quickly proceeded to place Plaintiff under arrest. [*Id.* at 02:10]. Plaintiff asked for an alternative appearance date, but Owens did not respond. [*Id.* at 02:20].

Incident to the arrest, Owens conducted a search of the Plaintiff's person, which produced a tri-fold wallet. [*Id.* at 03:30]. Owens further searched several parts of the wallet,

2

including the billfold. Plaintiff reiterated that he would be "going in a week" and "probably getting back around April 5." [*Id.* at 03:40]. Owens then placed the Plaintiff into the backseat of his police cruiser and arranged for an individual of the Plaintiff's choosing to move the Plaintiff's illegally parked vehicle. [*Id.* at 04:10]. Owens told Plaintiff that his wallet and other personal items were secured in a manilla envelope and transported Plaintiff to the Sullivan County Detention Center [*Id.* at 15:00].

Upon arrival at the Sullivan County Detention Center, Officer Owens escorted the Plaintiff into the intake/booking area. [Doc. 13-4, p. 2]. There, Officer Newsome conducted an administrative search of Plaintiff's wallet in accordance with standard operating procedure, which revealed an orange pill later determined to be a Schedule II controlled substance. [*Id.*]. Plaintiff denied having any knowledge about the pill or what it was. [Doc. 54, p. 2]. Based on the foregoing facts, Plaintiff was charged with simple possession, under Tennessee Code Annotated § 39-17-418, as well as unauthorized use of disabled parking, under Tennessee Code Annotated § 55-21-108. Both charges were ultimately expunged upon payment of costs. [Doc. 1, ¶ 16].

On January 25, 2022, Plaintiff filed this action under 42 U.S.C. § 1983. He asserts four Fourth Amendment claims against Owens for wrongful detention, false arrest, unreasonable search and seizure, and fabrication of evidence. He asserts two Fourth Amendment claims against Newsome for unreasonable search and seizure and fabrication of evidence. He also asserts *Monell* claims against the City of Bristol and Sullivan County, alleging that his civil rights were violated "as a direct and proximate result of the individual defendants having received such inferior training and/or being guided by no policies or inferior, constitutionally-suspect policies regarding determination of probable cause to arrest." [Doc. 1, ¶ 20].

3

On April 18, 2022, Owens filed a Motion for Summary Judgment [Doc. 11] and accompanying Memorandum [Doc. 12]. This was followed by a Motion for Summary Judgment [Doc. 51] and accompanying Memorandum [Doc. 52] by Newsome and Sullivan County on August 16, 2022.[1] Both Individual Defendants—Owens and Newsome—raised the defense of qualified immunity as to Plaintiff's Fourth Amendment claims, excepting his fabrication of evidence claim. Plaintiff responded in opposition to both motions. [Docs. 56 & 60].

Considering that Defendants invoked the defense of qualified immunity, the purpose of which "is not only protection from civil damages but from the rigors of litigation itself, including the potential disruptiveness of discovery," *Summers v. Leis*, 368 F.3d 881 (6th Cir. 2004), the Court limited discovery to a single deposition of Owens. [Doc. 55]. No general discovery has been conducted. On April 19, 2023, the parties filed a Joint Motion [Doc. 64] requesting the Court stay all proceedings pending resolution of the Motions for Summary Judgment [Docs. 11 & 51], which the Court granted. The Court now addresses those dispositive motions.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material fact must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1). When ruling on a motion for summary judgment, the Court must

---

[1] To date, the City of Bristol has not filed or joined in any dispositive motions.

view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). But, where there is "'a videotape capturing the events in question,' the court must 'view the facts in the light depicted by the videotape.'" *Green v. Throckmorton*, 681 F.3d 853, 859 (6th Cir. 2012) (quoting *Scott v. Harris*, 550 U.S. 372, 378-81 (2007)).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56).

The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248-49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If the nonmoving party fails to make a sufficient showing on an essential element of its case with

5

respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.*; *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that first inquiry in any § 1983 suit is to "isolate the precise constitutional violation" charged).

Thomsen alleges the following violations of his Fourth Amendment rights: 1) wrongful detention, 2) false arrest, 3) unreasonable search and seizure, and 4) fabrication of evidence.

#### a. Qualified Immunity

Owens and Newsome assert that they are entitled to qualified immunity for each of Plaintiff's Fourth Amendment claims, excluding his fabrication of evidence claim. [Doc. 51 at 17]. "A government official is entitled to qualified immunity on a § 1983 claim if he is 'performing discretionary functions' and his conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Malory v. Whiting*, 489 Fed. App'x 78, 82 (6th Cir. 2012). When a defendant raises qualified immunity, the plaintiff has the burden of establishing that the defendant is not entitled to the defense. *Id.* Determining whether a government official is entitled to qualified immunity is a two-step inquiry and the Court may begin with either step. *Id.* The plaintiff must demonstrate, first, that the official violated his constitutional rights and, second, that the violation was "clearly established at the time." *Kalvitz v. City of Cleveland*, 763 Fed. App'x 490, 493 (6th Cir. 2019) (internal citations and punctuation

omitted). "The doctrine of qualified immunity insulates state actors from liability in close-call situations." *Lemmon v. City of Akron, Ohio*, 768 Fed. App'x 410, 414 (6th Cir. April 4, 2019).

The Fourth Amendment requires probable cause to justify arresting an individual. *Barton v. Martin*, 949 F.3d 938, 950-51 (6th Cir. 2020). "This rule applies irrespective of the seriousness of the crime." *Wheeler v. Newell*, 407 F. App'x 889, 891 (6th Cir. 2011). If probable cause exists for any charged offense, a Fourth Amendment claim fails. *See Fineout v. Kostanko*, 780 F. App'x 317, 328 (6th Cir. 2019) ("If probable cause exists to arrest the suspect for any of the charged offenses, then the false arrest claim must fail."); *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005) ("To the extent probable cause exists for any one of these charges, the arrest was lawful and our analysis is complete."); *Freeman v. Troutt*, 2012 WL 2565070, *9 (M.D. Tenn. June 29, 2012) ("Within the Sixth Circuit, when a plaintiff is arrested on multiple charges at the same time, he does not have a claim for false arrest if probable cause exists for at least one of the charges on which plaintiff was arrested."); *Wright v. City of Euclid*, 962 F.3d 852, 873 (6th Cir. 2020) (same).

1. Officer Owens

The Court begins with Plaintiff's allegations against Officer Owens. Plaintiff contends that Owens violated his Fourth Amendment right to be free from wrongful detention, false arrest, and unwanted search and seizure.

First, the Court concludes that Owens had probable cause to arrest Plaintiff and is therefore entitled to qualified immunity on that claim. Plaintiff does not actually dispute that he was illegally encroaching on a handicapped spot in violation of § 55-21-108.[2] And for good reason: Owens's bodycam footage makes clear, beyond reasonable dispute, that Thomsen was parked in a lined-

---

[2] Plaintiff initially suggested in his Complaint that he was parked "in a parking spot adjacent to a handicap parking spot." [Doc. 1, ¶ 23]. However, he appears to have backed off this assertion in his briefings given the clear video evidence to the contrary.

off, van-loading area adjacent to two handicap spots. *See Barton*, 949 F.3d at 950 (quoting *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)) (existence of probable cause is a jury question unless "there is only one reasonable determination possible). [Bodycam Footage at 1:14].

That Thomsen did not park directly in a handicap spot is of no consequence. TCA § 55-21-108(a)(3) makes it a violation "to park a motor vehicle so that a portion of the vehicle encroaches into a disabled parking space in a manner that restricts, or reasonably could restrict, a person confined to a wheelchair from exiting or entering a motor vehicle properly parked within the disabled parking space." Owens's bodycam footage shows beyond reasonable doubt that Thomsen was parked entirely in an area used by wheelchair-bound individuals to access handicapped vans from the side. [Bodycam Footage at 1:14]. Officer Owens did not observe, nor does Plaintiff allege, that his vehicle had a disabled driver/passenger decal, license plate, or placard. [Decl. of Officer James Owens, ¶ 6]. There can be no doubt that Owens's observation of these facts gave him probable cause to arrest Thomsen for violating § 55-21-108, and so Plaintiff's false arrest complaint must fail.

Resisting this reasoning, Plaintiff makes two further arguments in support of his false arrest claim. First, Plaintiff contends that his arrest lacked probable cause because citation for the charged offense was mandatory, not optional, under Tennessee law. According to TCA § 40-7-118, a peace officer "shall issue a citation" to a person arrested for the commission of a misdemeanor committed in the officer's presence, unless "[a] reasonable likelihood exists that the arrested person will fail to appear in court." Plaintiff argues that Owens did not have a sufficient reason to believe that Plaintiff would fail to appear at his scheduled court date and so Owens falsely arrested him under TCA § 40-7-118.

This argument is unpersuasive because state law does not dictate the contours of the Fourth Amendment's protections. *Virginia v. Moore*, 553 U.S. 164, 176 (2008). The Supreme Court held over 20 years ago, in *Atwater v. City of Lago Vista*, that a warrantless arrest for a fine-only misdemeanor offense committed in the officer's presence is constitutional. 532 U.S. 318 (2001). The Court stated that even a "foolish" or "unnecessary minor-offense arrest[]" based on probable cause does not give rise to a Fourth Amendment violation. *See id.* at 353-54. Later, in *Virginia v. Moore*, the Supreme Court determined that an arrest supported by probable cause does not violate the Fourth Amendment even if state law requires the officer to issue a citation instead of arresting the person. 553 U.S. at 176. Ultimately, the Court concluded "that warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." *Id*.

Because Owens had probable cause to arrest Plaintiff for the parking offense, Plaintiff's arrest—even if "foolish" or inconsistent with state law—was constitutional under *Atwater* and *Moore*. The Court sympathizes with Plaintiff's suggestion that a citation would have been more appropriate than an arrest. Although Plaintiff initially suggested that he could not appear for the scheduled court date, Owens never gave Plaintiff an opportunity to amend or clarify his initial statement with the understanding that he would be arrested if he did not promise to appear. Defendants are ordinarily informed by paper citation that failure to appear will result in arrest, § 40-7-118(k)(1), but Plaintiff never received a paper citation due to covid protocols. It seems that Owens jumped to arrest as a first resort and not a last one as TCA § 40-7-118 contemplates.[3]

---

[3] In passing TCA § 40-7-118, the general assembly counseled that "the issuance of a citation in lieu of arrest of the suspected misdemeanant will result in cost savings and increased public safety by allowing the use of jail space for dangerous individuals and/or felons and by keeping officers on patrol. Accordingly, the general assembly encourages

9

Ultimately, however, Plaintiff's arrest was supported by probable cause and therefore it does not constitute a Fourth Amendment violation.

Plaintiff's second objection focuses on Owens's state of mind. Plaintiff contends that the handicapped parking violation had nothing to do with his arrest; rather, Owens arrested him solely for his failure to "take a ticket" or to agree to appear on a date certain. According to Plaintiff, "[n]owhere in the affidavit of complaint did Owens say that plaintiff was originally arrested for anything but his alleged refusal to appear on a date arbitrarily set by Owens." [Doc. 60, p. 5].

This argument is unpersuasive. The affidavit states in three different places that the Plaintiff was arrested for Unauthorized Use of Disabled Parking (Tennessee Code Annotated § 55-21-108). [Doc. 13-4, p. 1-2]. Facts aside, Owens's subjective intent for the arrest is simply irrelevant for Fourth Amendment purposes. The Supreme Court has stated that the arresting officer's state of mind – except for facts he knows – "is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). "That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* To the contrary, "the Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent." *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 814 (1996)). Because Owens had probable cause to arrest Plaintiff for the charged offense, TCA § 55-21-108, he is entitled to qualified immunity on Plaintiff's false arrest claim.

The Court turns to plaintiff's unreasonable search and seizure claim. Plaintiff contends that Owens did not have probable cause to search him following his arrest and to seize and look through

---

all law enforcement agencies to so utilize misdemeanor citations and to encourage their personnel to use those citations when reasonable and according to law." TCA § 40-7-118(m).

his wallet. Considering, however, that Plaintiff's arrest was supported by probable cause, his unreasonable search and seizure claim must fail. It is well settled that the search of a person incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 224 (1973). This includes the right to search "any open containers, like wallets," that are found on the person. *United States v. McCants*, 2023 WL 4068565, at *8 (E.D. Mich. June 16, 2023) (citing *id.* at 236).

Plaintiff's wrongful detention claim is similarly unfounded. An officer may lawfully detain an individual if he has reasonable suspicion to believe that a criminal offense is ongoing. See *United States v. Simpson*, 520 F.3d 531, 540 (6th Cir. 2008). Reasonable suspicion is a lesser standard than probable cause and requires only "articulable facts that criminal activity 'may be afoot.'" *United States v. Roberts*, 986 F.3d 1026, 1029 (6th Cir. 1993) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Here, Owens had reasonable suspicion to detain Plaintiff based on the same articulable facts that provided probable cause for his arrest. Owens's personal observation of the Plaintiff's vehicle parked within the lined area of the handicap parking space, plus the absence of any disabled driver decal, license plate, or placard on Plaintiff's vehicle, represent articulable facts by which Officer Owens had reasonable suspicion to believe that Plaintiff was committing a crime. Accordingly, Owens is entitled to qualified immunity as to Plaintiff's claims for wrongful detention, false arrest, and unreasonable search and seizure.

2. Officer Newsome

As for Officer Newsome, Plaintiff alleges that Newsome violated his Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff contends that Newsome unlawfully searched his person and his wallet upon his arrival at the Sullivan County Detention Center and

11

Case 2:22-cv-00005-CEA-CRW   Document 67   Filed 07/19/23   Page 11 of 14   PageID #: 364

did so despite there being "no justifiable exception to the warrant requirement to perform yet a second search of the wallet." [Doc. 1, ¶ 23].

Newsome asserts qualified immunity as to the unreasonable search claim. Newsome argues that the search of Plaintiff's wallet was pursuant to a standard inventory search of inmates coming into the Sullivan County jail. Newsome avers that such an inventory search is an entirely reasonable administrative procedure that does not violate Plaintiff's Fourth Amendment rights.

The Court concludes that Newsome is entitled to qualified immunity on the search claim because it is well settled that such inventory searches are constitutionally permissible. In *Illinois v. Lafayette*, the Supreme Court found it reasonable under the Fourth Amendment "for police to search the personal effects of a person under lawful arrest as part of the routine administrative procedure at a police stationhouse incident to booking and jailing the suspect." 462 U.S. 640, 646 (1983). Later, in *United States v. McCroy*, the Sixth Circuit applied *Lafayette* to the exact circumstances presented in this case. 102 F.3d 239, 241 (6th Cir. 1996). There, the defendant was arrested and transported to a police station where police proceeded to inventory the contents of his wallet, finding further evidence of a crime. *Id.* at 239-40. The Court held that the inventory search of the wallet pursuant to the booking and jailing of the suspect was an "'entirely reasonable administrative procedure' contemplated by *Lafayette*." *Id.* at 241. This settled caselaw makes clear that Newsome's administrative search of Plaintiff's wallet did not violate Plaintiff's Fourth Amendment rights and, thus, Newsome is entitled to qualified immunity on the search claim.

### b. Fabrication of Evidence Claim

Finally, the Court addresses Plaintiff's fabrication of evidence claim. In his complaint, Plaintiff "emphatically denies that he had illegal drugs on his person or in his wallet at any time" on the date in question. [Doc. 1, ¶ 14]. He describes the drug charge against him as "manufactured,"

strongly implying that the pill was planted in his wallet by either Owens or Newsome. [*See id.*, ¶ 23]. Plaintiff points out that Owens searched his wallet at the scene of his arrest but did not find any contraband therein. [*Id.*, ¶ 14]. In his Response Brief, Plaintiff requests "a jury to determine whether Newsome fabricated evidence, or even whether Owens joined him in this scheme." [Doc. 60, p. 13].

"It is well established that a person's constitutional rights are violated when evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have affected the decision of the jury." *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006). "[A] reasonable police officer would know that fabricating probable cause, thereby effectuating a seizure, would violate a suspect's clearly established Fourth Amendment right to be free from unreasonable seizures." *Spurlock v. Satterfield,* 167 F.3d 995, 1006 (6th Cir.1999).[4]

Owens and Newsome acknowledge that they are not entitled to qualified immunity in defense of claims of dishonesty and fabrication. However, they aver that Plaintiff has failed to present sufficient summary judgment evidence that either Newsome or Owens planted the pill in his wallet and so Plaintiff's "self-serving allegations" should be dismissed.

Plaintiff argues that full discovery has not yet been had and therefore his fabrication claim is not ripe for adjudication. Plaintiff reminds the Court that it permitted only limited discovery for purposes of adjudicating qualified immunity. Plaintiff contends that further discovery is necessary to ascertain (a) whether there is a policy in place to videotape jailhouse searches, (b) if so, whether the search was videotaped, (c) whether the jailhouse search was conducted outside of the view of

---

[4] Plaintiff's fabrication of evidence claim is not defeated simply because Owens had independent probable cause to arrest him for the parking violation. The Sixth Circuit has held that "even if independent evidence establishes probable cause against a suspect, it would still be unlawful for law-enforcement officers to fabricate evidence in order to strengthen the case against that suspect." *Webb v. United States*, 789 F.3d 647, 670 (6th Cir. 2015). Indeed, "[a] claim of fabrication of evidence does not require a conclusion that the state did not have probable cause to prosecute the claimant." *Stemler v. City of Florence,* 126 F.3d 856, 872 (6th Cir.1997).

13

the camera, (d) how the corrections officers are trained in learning, remembering and following these procedures and, (e) whether Officer Newsome has been disciplined. [Doc. 60, p. 12].

"Motions for summary judgment filed before the close of discovery are often denied as premature in this Circuit." *Marvaso v. Sanchez*, No. 18-12193, 2019 WL 3003681, at *1 (E.D. Mich. July 10, 2019). Because general discovery has not yet been conducted, the Court will permit Plaintiff's fabrication claim to go forward. Defendants may refile their motions for summary judgment at the close of discovery.

### IV. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [Doc. 11] by Owens is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Fourth Amendment claims against Owens for wrongful detention, false arrest, and unreasonable search and seizure, brought under 42 U.S.C. § 1983, are **DISMISSED WITH PREJUDICE**. Plaintiff's fabrication of evidence claim against Owens may proceed to the discovery stage.

The Motion for Summary Judgment [Doc. 51] by Newsome and Sullivan County is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Fourth Amendment claim against Newsome for unreasonable search and seizure, brought under 42 U.S.C. § 1983, is **DISMISSED WITH PREJUDICE**. Plaintiff's fabrication of evidence claim against Newsome and *Monell* claim against Sullivan County may proceed to the discovery stage.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE